IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENRY ORTIZ and SOFIE ORTIZ,

    Plaintiffs,

vs.                                                No. 16cv773 KG/LF

NEW MEXICO DEPARTMENT OF CULTURAL
AFFAIRS, NEW MEXICO MUSEUM OF NATURAL
HISTORY, NEW MEXICO GEOLOGICAL SOCIETY,
ADRIAN HUNT, PHILLIP HUBER, SPENCER LUCAS,
KAYE TOOLSON, PHIL BIRCHEFF, D. BARID,
K. KEITZEL, ALLEN LERNER, and TOMAS ROMERO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiffs' Argument for Remand to the Fourth Judicial District Court in Las Vegas, New Mexico, (Doc. 19), filed July 13, 2016. Defendants New Mexico Department of Cultural Affairs, New Mexico Museum of Natural History, Adrian Hunt, Spencer Lucas, Phillip Huber, Phil Bircheff, Kaye Toolson, D. Barid, K. Keitzel and Allen Lerner (Collectively "State Defendants") filed their response (Doc. 26), on August 8, 2016. There is no reply. Also pending in this case are two dispositive motions, (Doc. 5 and Doc. 18). As a result of the pending motions, the Honorable Laura Fashing found good cause to delay entering a scheduling order in this case. (Doc. 28).

*Pro se* Plaintiffs initiated this lawsuit by filing a complaint on May 5, 2016, in the Fourth Judicial District Court, State of New Mexico. Their claims include Count one "Illegal trespass," Count two "Theft of private property," and Count three "Illegal and continued keeping and utilization of stolen property." Plaintiffs further specify in their complaint, "Applicable Law for This Petition . . . this Petition is presented under common US constitutional right of private

ownership it is also presented under the Fifth Amendment's Takings Clause. . . ." (Doc. 1-1 at 2-3).

On July 5, 2016, State Defendants filed their Notice of Removal, (Doc. 1), asserting "Plaintiffs' complaint alleges a violation of the Fifth Amendment to the U.S. Constitution in that he and his sister allege a taking of personal property belonging to them without just compensation.  Accordingly, this Court has original jurisdiction over the state court action under 28 U.S.C. § 1331 – Federal Question jurisdiction."  (Doc. 1 at 3).

In their argument for remand, Plaintiffs state, "The mentioning of the Fifth Amendment Takings Clause in original Petition is used as an example that that was not the process for removal of fossils and information related thereto and is stated as such."  (Doc. 19 at 1).  They offer no other basis with merit for remand.  Plaintiffs now attempt to disclaim the Fifth Amendment allegation to warrant remand.  Plaintiffs' argument is non-availing.  It is well-established that the propriety of removal jurisdiction is determined on the complaint as it stands at the time of removal.  *See e.g., Salzer v. SSM Healthcare of Oklahoma, Inc.*, 762 F.3d 1130, 1133 (10th Cir. 2014) (stating propriety of removal is judged on complaint as it stands at time of removal).  It is clear from the face of the complaint at the time of removal that Plaintiffs grounded the complaint at least in part on a federal question based on an alleged violation of a Fifth Amendment right.  As a result, Plaintiffs' motion for remand on that basis is denied.

However, in this case, the Court's inquiry goes further.  Section 1446 of Title 28 sets forth the clear procedural requirements for removal.  While Plaintiffs have not objected to the timing of State Defendants' Removal Notice, this Court sua sponte notes the Notice was filed 61 days after the complaint was filed.  See 18 U.S.C. § 1446(b).  Failure of a removing party to comply with the express procedural requirements for removal renders removal defective and

justifies a remand. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999); *see also Zamora v. Wells Fargo Home Mortgage*, 831 F.Supp.2d 1284, 1289 (D.N.M. 2011). It is not at all clear from the face of the Notice whether State Defendants have complied with the procedural requirements for removal. The attached certification of mailing by Henry Ortiz and Sofie Ortiz indicates the petition was mailed to State Defendants and others on May 5, 2016. (Doc. 1-1, at 18).

Accordingly, State Defendants shall have fourteen days from the date of this Order to file a brief establishing why this case should not be remanded to the Fourth Judicial District Court for failure to comply with the procedural requirements for removal. Plaintiffs shall have fourteen days to respond should they wish to do so.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE